**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-RB-1400 (MJW)

DIRECTV, INC.,

    Plaintiff,

v.

ALAN J. CRESPIN,

    Defendant.

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
& MOTIONS FOR EXTENSION OF TIME**

**Blackburn, J**

This matter is before me on the following motions: 1) defendant Alan Crespin's Motion for relief from judgment [#233], filed September 30, 2005; 2) defendant Alan Crespin's motion for extension of time [#236], filed November 16, 2005; and 3) defendant Alan Crespin's amended motion for extension of time [#235], filed November 17, 2005. Each of these motions will be denied.

**I. MOTION FOR RELIEF FROM JUDGMENT**

In his motion for relief from judgment, Crespin seeks relief under FED. R. CIV. P. 60(b)(3) (fraud or misconduct of adverse party). Crespin's current motion is at least the twelfth post-trial motion he has filed in this case. Those motions have included motions for new trial, motions for relief from judgment, and motions for reconsideration. Crespin argues again that he has newly discovered evidence that demonstrates that defendant,

DirecTV, engaged in fraud and misrepresentation in the course of this litigation. Crespin is not entitled to relief from judgment.

First, Crespin's latest Rule 60 motion is untimely. A motion for relief under Rule 60(b) based on a claim of fraud or other misconduct of an adverse party shall be made "not more than one year after the judgment . . . was entered or taken." FED. R. CIV. P. 60(b). The judgment [#188] challenged by Crespin was entered on September 28, 2004. Crespin filed his latest motion for relief from judgment on September 30, 2005, more than one year later. The three day period for service by mail, stated in FED. R. CIV. P. 6(e), does not extend this one year deadline. The one year deadline of Rule 60(b) runs from the date the judgment was entered, not the date on which Crespin was served with the judgment.

Second, even if Crespin had filed his motion within the one year period, his motion still would be untimely. Rule 60(b) requires that a motion seeking relief under Rule 60(b) be filed "within a reasonable time." The one year limitation specified in the rule simply defines the outer limits of a reasonable time. Crespin's latest motion was not filed within a reasonable time.

The newly discovered evidence to which Crespin refers in his motion is deposition testimony of Scott Madvig. Madvig testified at pretrial depositions in this case, and at the trial in this case. In part, his testimony in this case concerned the systems used to maintain and create packing slips related to the shipping operation from which television signal piracy equipment was shipped to Crespin. Crespin now cites deposition testimony given by Madvig on April 12, 2005, in another case. This

2

testimony also concerns the packing slip systems that were the subject of Madvig's testimony in this case.

To the extent Madvig may have said anything in his April 12, 2005, testimony that is both new and material to this case, that testimony readily could have been developed prior to the trial of this case. Madvig was questioned by Crespin at a pretrial deposition, and the questioning included the topic of the packing slips at issue here. Madvig testified at trial and Crespin had ample opportunity to examine the issue of the packing slips during that testimony. I note, however, that in the context of the evidence developed in this case, Madvig's April 12, 2005, testimony does not present any facts that are both new and material to this case.

Third, Crespin claims that DirecTV presented three packing slips as evidence at trial knowing that the packing slips were not authentic. This is the essence of Crespin's claim that DirecTV acted fraudulently during this litigation. To obtain relief under Rule 60(b)(3) on grounds of fraud or misconduct, Crespin must show by clear and convincing proof that DirecTV engaged in fraud or misconduct in this case. ***Cummings v. General Motors Corp.***, 365 F.3d 944, 955 (10th Cir. 2004). Further, the challenged behavior must have interfered with Crespin's ability to fully and fairly prepare for trial and to proceed at trial. ***Id***.

I have considered previously Crespin's many challenges to the authenticity of the three packing slips, and have concluded that DirecTV presented sufficient evidence of the authenticity of the packing slips. Madvig's recent testimony does not alter my conclusion. I find that Crespin's purported newly discovered evidence and his latest arguments on this issue do not demonstrate that DirecTV engaged in fraud or

misconduct in this area, or that Crespin's ability to prepare for trial and to proceed at trial was in any way impaired by DirecTV's actions. Crespin is not entitled to relief under Rule 60 (b)(3).

## II. MOTIONS FOR EXTENSION OF TIME

Recently, Crespin filed his two motions for an extension of time to file a reply to DirecTV's response to Crespin's latest motion for relief from judgment. The second motion for extension of time differs from the first only in the fact that an incorrect docket reference in the first motion is corrected in the second motion. I will deny the first motion as mooted by the second motion.

In his second motion for extension of time, Crespin claims that he "did not receive a copy of Plaintiff's Response electronically filed with the Court on October 21, 2005." *Amended motion for extension of time* [#235], filed November 17, 2005, ¶ 4. Crespin claims he did not have notice of DirecTV's response until November 16, 2005, when he visited the Clerk's Office to view the file in this case. He seeks additional time to file a reply because he did not learn of DirecTV's response until November 16, 2005.

The court's records reflect that Crespin, an attorney licensed to practice before this court, was registered to use the court's electronic case filing system (ECF) on July 6, 2005. As a necessary step in creating an ECF account for himself, Crespin consented "to receiving notice of filings pursuant to Fed. R. Civ. P. 5 and 77 and Fed. R. Crim. P. 49 via the Court's electronic filing system." [1] Crespin, like all others, was required to agree to this and other terms in order to create an ECF account for himself.

---

[1] Electronic Registration Form - Attorneys - accessible at http://www.co.uscourts.gov/cm_actreg_frame.htm .

When DirecTV filed its response [#234] on October 21, 2005, the ECF system generated a Notice of Electronic Filing (NEF) which can be viewed on the court's ECF system. This notice demonstrates that Crespin was notified of the filing of DirecTV's response via an e-mail sent to the e-mail address at which Crespin has consented to receive notice of filings in the ECF system. The e-mail delivered to Crespin contained the subject line: "Activity in Case 1:03-cv-01400-REB-MJW DIRECTV, Inc. v. Crespin 'Response to Motion.'" The e-mail contains a link to the electronic version of DirecTV's response as it was filed on the court's ECF system. The NEF generated by the court's ECF system demonstrates that Crespin received appropriate notice of the filing of DirecTV's response. The NEF is entitled to a presumption of regularity.

Crespin's unsubstantiated claim that he did not receive notice of this filing does not overcome the presumption of regularity that attaches to the NEF. On this record, I must conclude that Crespin received timely and appropriate notice of the filing of DirecTV's response [#234] on October 21, 2005.

Given that Crespin received proper notice of the filing of DirecTV's response, the basis for his request for an extension of time evaporates. Further, given the voluminous record in this case, I find that a reply from Crespin would not be of any assistance to the court in resolving Crespin's Rule 60(b) motion. Crespin's Rule 60(b) motion is resolved by this order, and Crespin's request for additional time to file a reply is mooted by this order.

### III.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1) That defendant Alan Crespin's Motion for relief from judgment [#233], filed September 30, 2005, is **DENIED**;

2) That defendant Alan Crespin's motion for extension of time [#236], filed November 16, 2005, is **DENIED** as moot; and

3) That defendant Alan Crespin's amended motion for extension of time [#235], filed November 17, 2005, is **DENIED**.

Dated November 18, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge